### OTIS H. EATON

*v.*

### CHARLES G. SCHNEIDER *et al.*

*Opinion filed April 17, 1900—Rehearing denied June 8, 1900.*

1. FORFEITURE—*forfeiture will not be strictly enforced in equity.* In equity, forfeiture must yield to the principle of compensation where fair dealing and good conscience seem to demand.

2. SAME—*when forfeiture of bond for deed cannot be declared without notice.* Though the prompt payment of notes by the obligee in a bond for deed is made of the essence of the contract, yet if the parties treat the time clause as suspended pending negotiations for settlement, neither can insist upon a forfeiture without giving the other definite and specific notice.

3. NOTICE—*declaration of forfeiture on record of bond for deed is not legal notice.* An endorsement by the obligor upon the record of a bond for deed, declaring the bond forfeited for the obligee's failure to make payment, is not a legal notice of forfeiture.

4. SAME—*when subsequent purchaser is not without notice of rights of third party.* A recorded bond for deed is notice to the world of the obligee's rights thereunder, and a purchaser from the obligor can claim no greater rights upon the ground of forfeiture than can the obligor himself.

5. EVIDENCE—*obligor who has granted indulgence of time has burden of proving notice of forfeiture.* An obligor in a bond for deed who has granted a temporary indulgence of time to the obligee has the burden of proving that he gave the requisite notice of his intention to declare a forfeiture.

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

Appellant filed his bill in the circuit court of McLean county for an accounting of rents and to compel the specific performance of a contract to convey to him two lots in Normal, Illinois. In February, 1897, he purchased the lots from Charles G. Schneider, one of the appellees herein, and received from him a bond for a deed. The consideration for the proposed transfer was $3500, made up of an equity in a certain store-house property and the

stock of goods therein; of two mortgages, of $700 each, on the lots, which Eaton agreed to assume; and his own promissory note for $909.25, dated February 10, 1897, due in six months from date. The $909.25 note was not paid when it came due, but on the 27th day of August, 1897, appellant paid Schneider $375 in cash, gave him his two notes of $286.26 each, and received from him a new bond for a deed, Schneider retaining the store property and stock of goods and Eaton assuming the mortgages, as by the original contract. This second bond is the one which appellant seeks to enforce in this suit.

On the filing of the answers of appellees to the bill the cause was referred to a special master in chancery to take and report the proofs, with his conclusions. The master reported the facts as above stated, and further found that the bond for deed contained a clause making time of the essence of the contract; that appellant had failed to pay his notes at maturity, and did not, at any time before filing his bill herein, offer to pay them; that he had not complied with his part of the contract so as to entitle him to demand a deed for the lots; that there had been no waiver of the terms of the bond by appellees, and that on the first day of April, 1898, appellees Charles G. Schneider, and Lena C., his wife, conveyed the lots to Ida Berryman, one of the appellees, and that at the time of the conveyance to her she had no knowledge that appellant claimed any interest in the premises. Appellant filed exceptions to the report of the special master, which were overruled by the court and a decree was entered dismissing the bill. From that decree appellant prosecutes this appeal.

TIPTON & TIPTON, for appellant:

The right to declare a forfeiture rests in a contract and is one that may be exercised or waived by the vendor, and a failure to claim it may be regarded as a waiver of the right. Unless it is declared, the contract continues

mutually binding on the parties.   *Heald* v. *Wright*, 75 Ill. 17; *Skinner* v. *Newberry*, 51 id. 205.

A court of equity will not permit a vendor of land to declare a forfeiture of the contract for a failure to make a payment on the day of its maturity, even though time is made of the essence of the contract, in violation of his agreement to give an extension of the time of payment without first demanding payment.   It is not necessary that the agreement to extend the time of payment be founded upon a consideration in such a case.   *Thayer* v. *Meeker*, 86 Ill. 470.

A contract, binding in equity, for the sale of lands, though in fact unexecuted, is considered as performed, so that the land becomes the property of the vendee and the purchase money that of the vendor.   Adams' Eq. 305; Pomeroy's Eq. Jur. sec. 372; *Lanquel* v. *Benitz*, 23 Pa. St. 99.

Where time is stated to be of the essence of a contract to convey land, if both parties, by a mutual course of conduct, treat the time clause as waived or suspended, one of them cannot suddenly insist upon forfeiture, but must, in order to then avail himself of the time clause, give reasonable, definite and specific notice of his changed intention.   *Monson* v. *Bragdon*, 159 Ill. 61; *Watson* v. *White*, 152 id. 365.

An agreement that time shall be of the essence of a contract may be waived or set aside,—and more especially so in the contemplation of a court of chancery,— either by the mutual consent or conduct of the parties or by the consent of the party in whose favor and for whose benefit such stipulation is made.   *Allen* v. *Woodruff*, 96 Ill. 11; *Palmer* v. *Ford*, 70 id. 369; *Peck* v. *Brighton*, 69 id. 20; *Morgan* v. *Herrick*, 21 id. 481; *Watson* v. *White*, 152 id. 372; *Bishop* v. *Newton*, 20 id. 175.

WELTY & STERLING, for appellees:

Parties have a right to make their own contracts, making the time of their performance mutual, so that a

failure to perform at the time will avoid the agreement. *Kemp* v. *Humphreys*, 13 Ill. 573; *Chrisman* v. *Miller*, 21 id. 226; *Heckard* v. *Sayre*, 34 id. 142.

A court of equity has no power to enforce a specific execution of a contract contrary to the clearly expressed intention of the parties.     *Kemp* v. *Humphreys*, 13 Ill. 573.

A court of equity has no more right than a court of law to dispense with an express stipulation of parties in regard to time, in contracts of this nature, where no fraud, accident or mistake has intervened.     *Heckard* v. *Sayre*, 34 Ill. 142.

A party seeking the specific performance of a contract must show that he himself has always been ready and willing to perform on his part, even though time is not made essential by the contract.     *Stow* v. *Russell*, 36 Ill. 18; *Cohn* v. *Mitchell*, 115 id. 124; *Phelps* v. *Railroad Co.* 63 id. 468.

A purchaser has no right to apply to a court of chancery to compel a conveyance, unless he has, previously to filing his bill, clothed himself with the right to demand a deed without any further thing being done on his part. *Doyle* v. *Teas*, 4 Scam. 202; *Cronk* v. *Trumble*, 66 Ill. 428; *Dupuy* v. *Williams*, 152 id. 102; *Gas Light Co.* v. *Lake*, 130 id. 42; *Weingaertner* v. *Pabst*, 115 id. 412; *Walters* v. *Walters*, 132 id. 467.

Specific performance will be denied because the defendants in this case had declared a forfeiture and conveyed to other parties who had no notice.     *Wollensak* v. *Briggs*, 119 Ill. 453; 22 Am. & Eng. Ency. (1st ed.) p. 1018.

Mr. JUSTICE WILKIN delivered the opinion of the court:

By the express terms of the bond here sought to be specifically enforced by appellant time was made of the essence of the contract, and it is contended on behalf of the appellees that the appellant, Eaton, is not entitled to a specific performance by Schneider, for the reason that he, himself, failed to comply with the contract on his part within the specified time, by paying his notes

when they came due.   Appellant contends that the time
for payment was extended and thereby the condition
waived.   On this point the court below found adversely
to appellant, and we think the testimony failed to es-
tablish any definite extension of time.   It does, however,
clearly show that appellee Schneider granted such indul-
gence to Eaton in permitting the time for payment to go
by without declaring an immediate forfeiture, as might
reasonably lead Eaton to believe that he did not intend
to insist upon an immediate performance of the contract
according to its terms, or that appellant's failure to do
so should work a forfeiture of his right to a specific per-
formance as against appellee Schneider.   The evidence
of Schneider himself is, that he granted appellant two
days after maturity to fix the matter up, and, in fact,
three weeks elapsed between the date of the maturity of
Eaton's notes and Schneider's first act indicating an in-
tention to declare a forfeiture.   This indulgence, during
which negotiations were pending for a new agreement,
worked a suspension of Schneider's right to declare a
forfeiture without notice.   While his conduct was not
necessarily an absolute, permanent waiver of that right,
yet in a court of equity there was such a temporary sus-
pension of the right as could be resumed only by giving
definite and specific notice of an intention to that effect.
(*Watson* v. *White*, 152 Ill. 364; *Monson* v. *Bragdon*, 159 id. 61.)
Forfeiture is a harsh remedy, and in equity must yield
to the principle of compensation, where fair dealing and
good conscience seem to so demand.   (*King* v. *Radeke*, 175
Ill. 72.)   Where time is stated to be of the essence of a
contract to convey land, if the parties treat the time
clause as waived or suspended, one of them cannot sud-
denly insist upon a forfeiture, but must, in order to then
avail himself of it, give reasonable, definite and specific
notice of his changed intention. *Monson* v. *Bragdon, supra.*

In this case the burden of proof was upon Schneider
to show that, after granting temporary indulgence to

Eaton, he gave him the requisite notice of his intention to declare a forfeiture. There was introduced on the hearing a paper which seems to have been intended as a notice by Schneider of his intention to declare a forfeiture of the contract, but the abstract of the evidence wholly fails to show any service of that notice upon appellant. Appellees also introduced, and claim as notice to the appellant, the record of the bond, upon which is endorsed:

"Default having been made in this bond, we declare this bond null and void. Default in payment of two notes past due.
                    CHARLES G. SCHNEIDER.   [Seal.]"

This endorsement upon the record is a mere memorandum, not required by law, and hence in no sense legal notice to appellant of a forfeiture of his rights under the bond. A forfeiture can be declared, after waiver, only in the manner hereinbefore stated.

As to the rights of appellee Ida Berryman, we think the court below erred in finding she had no notice of appellant's rights. The bond for a deed to him was upon record and notice to the world of his rights thereunder. A subsequent purchaser could claim no greater rights on the ground that there had been a forfeiture than could Schneider himself. Neither could claim the benefit of a forfeiture of the bond without proof that such forfeiture had been legally declared. We think the court below erred in dismissing the bill.

It appears from the evidence that appellees have received rents of the premises, for which appellant claims an accounting.

For the reasons indicated, the decree of the circuit court will be reversed and the cause remanded, with directions to that court to re-instate the same for further proceedings in conformity to the views herein expressed.

*Reversed and remanded.*