**John BRODDIE, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**No. 1631.**

United States District Court
N. D. Indiana,
Fort Wayne Division.
April 14, 1966.

---

Richard C. Ver Wiebe, Fort Wayne, Ind., for plaintiff.

Alfred W. Moellering, U. S. Atty., Fort Wayne, Ind., for defendant.

## ORDER AND MEMORANDUM OF DECISION

ESCHBACH, District Judge.

This action was filed by an individual entitled to disability benefits under the Social Security Act on behalf of his adopted son, Kenneth Broddie, to obtain judicial review of the final decision of the defendant denying the plaintiff's claim for child's benefits. The case is ready for disposition on cross-motions for summary judgment. This court can enter judgment "upon the pleadings and transcript of the record" as provided in Section 205(g) of the Social Security Act as amended. 42 U.S.C. § 405(g).

The motion of the defendant will be denied; the motion of the plaintiff will be granted; and the decision of the Secretary of Health, Education and Welfare will be reversed.

The facts in this case are not in dispute. The plaintiff applied for the establishment of a period of disability on December 17, 1958. On March 29, 1959, a child was born to the plaintiff's unmarried daughter, who was then but fourteen years of age. The child, Kenneth Broddie, has lived in the plaintiff's home and upon his bounty since the child's birth. The plaintiff's application for establishment of the disability period was approved by the Social Security Administration on June 11, 1959, and the beginning of the disability period was set at March 10, 1958. Throughout this time the plaintiff was under the age of fifty years and, under the law as it then stood, was therefore not yet entitled to the payment of disability benefits. Social Security Act of 1935, § 223, added by ch. 836, Title I, § 103(a) (1) (B), 70 Stat. 815 (1956). In 1960 the Social Security Act was amended to provide disability benefits to persons under the age of fifty years and the plaintiff became entitled to disability benefits in November 1960. Section 401 of Pub.L. 86–778, 74 Stat. 924 (1960); 42 U.S.C. § 423. The plaintiff testified that he and his wife told the local welfare agency within six months of Kenneth's birth that they intended to adopt the child. However, the application for adoption was not filed until January 10, 1962. The adoption was decreed on March 26, 1962.

Had the child, Kenneth Broddie, been born one year earlier, there would be no question of his right to a child's benefit under Section 202(d) of the Social Security Act as amended. 42 U.S.C. § 402(d). Subsection (1) of that section provides, in relevant part, that:

"Every child (as defined in section 216(e) of this title) of an individual entitled to * * * disability insurance benefits * * * if such child—

(A) has filed application for child's insurance benefits,

(B) at the time such application was filed was unmarried and (i) either had not attained the age of 18, or was a full-time student and had not attained the age of 22, or (ii) is under a disability * * * which began before he attained the age of 18, and

(C) was dependent upon such individual—

(i) if such individual is living, at the time such application was filed,

\* \* \* \* \* \*

shall be entitled to a child's insurance benefit * * * ."

A proviso which constitutes the last sentence of subsection (1) states, in relevant part:

"In the case of an individual entitled to disability insurance benefits, the provisions of clause (i) of subparagraph (C) of this paragraph shall not apply to a child of such individual unless he [the child] (A) is the natural child or stepchild of such individual * * * or (B) was legally adopted by such individual before the end of the twenty-four month period beginning with the month after the month in which such individual most recently became entitled to disability insurance benefits, but only if (i) proceedings for such adoption of the child had been instituted by such individual in or before the month in which began the period of disability of such individual which still exists at the time of such adoption or (ii) such adopted child was living with such individual in such month."

The failure to satisfy either of the last two alternative requirements of this proviso was the ground upon which the Social Security Administration denied the claim for a child's benefit in this case. All other requirements of Section 202(d) (1) unquestionably were fulfilled.

Even the requirements of the proviso were satisfied to the extent that it was possible for the plaintiff to do so. A formal legal adoption was decreed within the twenty-four month grace period after

the insured's entitlement to benefits. But because the child was born after the beginning of the disability period he could not have been living with the plaintiff when his disability period began, nor could adoption proceedings have been instituted at that time. However, Kenneth Broddie has lived with the plaintiff since the child's birth and before the plaintiff's application for establishment of a disability period was approved and granted.

■ The proviso was adopted as part of the 1960 amendments for the purpose of expanding child's benefit coverage to include the after-born and after-adopted children of persons receiving disability benefits. The Senate Finance Committee explained the need for such amendments:

"Because of a technical defect in the law, benefits cannot now be paid in cases where a child of a disabled person is born or adopted after the worker becomes disabled * * *. The bill would correct this defect by providing for the payments of child's benefits * * * to a child who is adopted by a worker within 2 years after the worker becomes entitled to disability insurance benefits, or the child was living with the parent before the onset of his disability."

S.Rep.No. 1856, 86th Cong., 2d Sess. (1960); 2 U.S. Code Cong. & Ad. News 3643 (1960). While the specific requirements of the proviso are somewhat more restrictive than the language of the Committee Report, the guiding motivation for these 1960 amendments to Section 202(d) (1) remains clear. Congress intended to expand coverage to include those children born or adopted after their parent became disabled. The restrictions of the proviso were included for the sole purpose of preventing abuse. This court does not have the prerogative of ignoring the requirements enacted by Congress, yet neither should its eyes be closed to the intent which motivated the Congressional action. Consideration of Congressional intent is particularly important in construing the Social Security Act so as to give full effect to its broad social purposes. Conklin v. Celebrezze, 319 F.2d 569, 571 (7th Cir.1963); Carroll v. Social Security Board, 128 F.2d 876, 881 (7th Cir.1942); Lietz v. Flemming, 264 F.2d 311, 313 (6th Cir. 1959); Yeager v. Flemming, 282 F.2d 779, 782 (5th Cir.1960); Folsom v. Poteet, 235 F.2d 937, 938 (9th Cir.1956); Ewing v. McLean, 189 F.2d 887, 892 (9th Cir.1951). "The Social Security Act is to be liberally construed as an aid to the achievement of its Congressional purposes and objectives." Schroeder v. Hobby, 222 F.2d 713, 715 (10th Cir. 1955). It is not the function of a court to *change* the provision of a statute, Schroeder v. Hobby, supra; but construing a statute in a manner consistent with the legislative intent accurately *fulfills* the statutory provisions—it does not change them. This court must not use the 1960 amendments—enacted to correct a "technical defect in the law"—as a basis for creating a new "technical defect" similar to the one Congress had sought to eliminate.

Prior to 1960 the dependency requirement of subsection (C) (i), which was then contained in subsection (C) (ii), of Section 202(d) (1) did not apply to children of persons entitled to disability benefits, and such children could not establish their eligibility by fulfilling that particular dependency requirement. The 1960 amendment made that provision applicable to children of disabled parents, as it had previously been applicable to the children of parents entitled to old-age benefits. The proviso which now constitutes the last sentence of Section 202(d) (1) was added as a precaution against possible abuse of the child's benefits by disabled individuals who might adopt a child merely to gain additional benefits. The proviso contained only the two-year grace period, and did not include the two alternative clauses (i) and (ii), in the bill that was originally passed by the House of Representatives. Clauses (i) and (ii) were added by the Senate with little or no discussion and obviously for the sole purpose of strengthening the

precaution against possible abuse. The House of Representatives receded on the issue. Conf.Rep.No. 2165, 86th Cong., 2d Sess. (1960); 2 U.S.Code Cong. & Ad. News 3753 (1960).

The underlying motive for the 1960 Congressional changes in Section 202(d) (1) was the desire to expand coverage to children born to or adopted by an insured person after he became disabled. The restrictions in the proviso were for the limited purpose of preventing abuse. Such provisions necessarily were arbitrary. This does not mean they should therefore be ignored when in conflict with a court's particular concept of justice. But their arbitrariness and limited purpose does caution against their application to situations in which Congress did not intend them to apply. This case presents such a situation.

The 1960 amendments placed no restriction on the right of a child to establish eligibility under clause (i) of subparagraph (C) merely because the child was *born* after his parent became disabled. Congress had no fear that the child's benefit provisions would be abused by allowing benefits to such children. Yet, to deny benefits to Kenneth Broddie would, in effect, be excluding him solely because he was *born* after his adoptive father became disabled, for that fact alone stands in the way of his eligibility. The proviso itself indicates that Congress did not intend the time of *birth* to defeat a child's right to benefits under Section 202(d) (1). It would be contrary to that Congressional intent to deny the plaintiff's recovery in this case.

Had Kenneth Broddie been born one year earlier, and all other facts remained the same, no one would question his elegibility for child's benefits. He would have fulfilled clause (ii) of the proviso by living in the plaintiff's home since the time of his birth. He has fulfilled all the requirements of eligibility except the one requirement, the fulfillment of which was rendered impossible merely by the fact that he was *born* after the beginning of his father's disability period, and that requirement would have been fulfilled but for the time of Kenneth's birth. Under circumstances such as presented by the unique facts of this case, there are no more chances for abuse than those chances which exist in cases where natural children or stepchildren are born after the beginning of the disability period.

No mistake should be made about the basis or the limited nature of this court's ruling. Mere impossibility of fulfilling the requirements is not alone a substitute for their fulfillment even though that impossibility is caused by the fact that the child was born after his parent became disabled. The plaintiff must prevail in this case not merely because the time of the child's birth made it impossible to satisfy the requirements of the law, but because the child *did* satisfy all the requirements except the one which *necessarily* would have been satisfied had the child been born earlier. This would not be true if the unsatisfied requirement were the required adoption within the two-year grace period or the beginning of adoption proceedings in the month in which the parent's disability period began, for there is no certainty in such cases that the requirements would have been fulfilled had the child been born in time to fulfill them. In other words, it is not *certain* in such cases that the time of birth would be the *sole* reason for the child's failure to qualify. The instant case is a truly unique case in which it is *certain* that the *sole* reason for the child's failure to qualify would have been the time of his birth. Congress did not intend for that, in itself, to bar a child's right to benefits.

■ This court holds that under the particular and unique facts of this case, where all the necessary literal statutory requirements are fulfilled with the exception of either one of the two alternative clauses (i) or (ii) of the proviso at the end of Section 202(d) (1) and where the subsequently adopted child was living with the adoptive parent, who is the insured individual, *from the very time of the child's birth,* the statutory requirement of clause (ii) of that proviso is ful-

filled. This conclusion is necessary in order to carry out the purpose of Congress in enacting the 1960 amendments to Section 202(d) (1). This court need not and does not reach any other questions, and this holding effects no expansion or change in the law as enacted by Congress. It is, rather, an application of the statute as Congress intended it.

 The court is here following what it finds to be the expressed and implicit Congressional intent. To the extent that such intent sheds light on the statute involved, and to the extent that such intent can be ascertained, the court is bound by it as much as by the express provisions of a statute. In a close question of law, such as the one presented in this case, this court is no more justified in blindly adhering to the hollow letters of the law than in allowing itself to be persuaded by the court's own sympathies or its individual conception of what is right or what is the best choice of social policy. There is a duty upon the court to understand what it is doing and what Congress intended it to do. Searching for the intent of Congress in unique situations governed by general principles of law is a difficult path to follow. There is the danger that a court may give word service to a disinterested interpretation of a statute while in fact following its own conception of wisdom or justice. But that danger is inescapable, and it alone cannot prevent this court from walking its appointed course. To walk that course while wilfully self-blinded to the intent of Congress would only substitute one danger for another.

Accordingly, the defendant's motion for summary judgment is denied, the plaintiff's motion for summary judgment is granted, and the decision of the Secretary of Health, Education and Welfare is reversed. It is further ordered that counsel for the defendant shall file with this court a report stating the benefits to be paid to the plaintiff pursuant to this judgment, including specifically the amount of the initial payment to be made to the plaintiff pursuant to this judgment, covering the period of time terminating with the date of this judgment. A copy of that report shall be furnished to counsel for the plaintiff. Within thirty days of the receipt of that report, counsel for the plaintiff may file with this court a petition for the approval and allowance of a fee for representation before this court pursuant to Section 206 (b) (1) of the Social Security Act as amended. 42 U.S.C.A. § 406(b) (1) (Supp.1965). No fee for such representation shall be paid to or received by the attorney for the plaintiff other than the amount approved and allowed by this court pursuant to such petition. This case shall remain upon the docket for the purpose of considering such petition.