GROSSMAN ET AL. *v.* BOARD OF ZONING APPEALS OF SALEM, IND.

[No. 967-A-59. Filed March 29, 1968. No petition for rehearing filed.]

*Mead & Mead,* of Salem, for appellants.

*Allen & Thompson,* of Salem, for appellees.

SMITH, J.—This matter is before the court on appellees' motion to dismiss the appeal of the appellants, or in the alternative to affirm the judgment of the trial court below.

The record shows that the trial court entered judgment in favor of the appellees on June 9, 1967. The appellants filed a motion for a new trial which was withdrawn on August 25, 1967, and this appeal was filed with our court.

We are now confronted with the appellees' motion to dismiss or affirm, filed on December 19, 1967, wherein the appellees petition this court to dismiss the appeal.

Appellees' motion to dismiss or affirm alleges the following deficiencies in the appellants' brief:

"Appellants have not included in their brief any summary of argument which is required to be set forth without citation of authorities or statutes.

"The brief does not: 1) specify such of the assigned errors as are intended to be urged; 2) does not consistently state the basis of objections to any ruling of the lower court complained of; 3) exhibit clearly the points of fact and law being presented, and how they are applicable, with citations of authority or statute upon which the appellants may rely. The argument section of appellants' brief does not contain any discussion of any error of the lower court set forth in the Assignment of Errors which assignment is included at page 1 of the transcript and set forth at page 62 of the appellants' brief."

The appellees' allegations are well founded. Rule 2-17 of The Supreme Court of Indiana sets forth certain basic requirements in the preparation of an Appellant's Brief. In substance, this rule, in part, requires:

A) Subsection (g) provides that the Appellant shall set forth in the argument section a brief summary of the argument without citation of authority.

B) The argument section shall specify such of the assigned errors as are intended to be urged.

C) After each error being relied upon for reversal, Appellant shall concisely state the basis of his objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented.

D) The Brief is supposed to show how the authorities are applicable.

The appellants' brief does not comply with the above provisions of Rule 2-17.

The rule is well settled that where the appellant fails to comply with such rule (2-17), the appellee need not supply the omissions but may rely upon the court to enforce the rule. *Snow* v. *State* (1955), 234 Ind. 234, 125 N. E. 2d 802. Failure to treat the assigned error as required by Rule 2-17 waives any error of the trial court and our court will refuse to consider any such error. *Hendrickson* v. *State* (1954), 233 Ind. 341, 118 N. E. 2d 493. See also, *Rice* v. *Selking* (1965), 246 Ind. 629, 207 N. E. 2d 366.

Having considered the appellant's brief in regard to the above rules and the authorities cited thereunder, we are of the opinion that the appellees' motion to dismiss should be sustained. The Rules of the Supreme Court of Indiana are binding upon our court as well as the litigants involved.

Appeal dismissed.

Cook, P. J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 235 N. E. 2d 203.