SMEEKENS ET UX *v.* BERTRAND ET UX.

[No. 268A20. Filed June 11, 1969. Rehearing denied July 23, 1969. Transfer denied October 29, 1969.]

*Gerald Deller*, Esq., of Angola, *Robert Robinson*, Esq., and *Robert Hollowell*, Esq., both of Indianapolis, for appellants.

*Wilson E. Shoup*, Esq., of Angola, for appellees.

WHITE, J.—Appellants were plaintiffs and appellees were defendants in the trial court in litigation involving the right to possession of real and personal property constituting the Panorama Motel near Angola in Steuben County. The Honorable F. Kenneth Dempsey, sitting as Special Judge in the Steuben Circuit Court, made and filed special findings of fact and conclusions of law on which he rendered judgment that plaintiffs-appellants take nothing and defendants-appellees recover costs. At the same time the trial judge filed the following explaining his decision:[1]

---

1. "This written memorandum [previously referred to as an opinion] has no place in the record, but may be considered on appeal in order to determine the meaning and effect of the trial court's decision. *Merchants Ntl. Bk. & Tr. Co. v. Winston et al.* (1959), 129 Ind. App. 588, [at 598] 159 N. E. 2d 296." *Edwards v. Wyllie*, 246 Ind. 261, 264, 203 N. E. 2d 200 (1964). See also, concurring opinion by Pfaff, C.J., *Droege v. St. Joseph Co. Plan Commission*, 132 Ind. App. 71, 76, 175 N. E. 2d 432 (1961).

"This is an action by the plaintiff in three paragraphs of amended complaint. The first paragraph is for the possession of land and personal property; the second is for the cancellation of a contract between the parties here for the sale of real estate and personal property; the third paragraph seeks to quiet title to the real estate in the plaintiffs. The issues are joined by the answers of the defendant. The determination of the first and third paragraphs depends upon the fate of the second paragraph.

"The material facts of the controversy are not in substantial conflict.

"On June 23, 1956, the parties entered into a written contract under the terms of which the plaintiff agreed to sell and the defendant agreed to pay the sum of One Hundred and Fifty Thousand, ($150,000.00) Dollars, for real estate upon which was located a motel and certain specifically described personal property. The contract called for specific monthly payments on the principal and interest on the 1st day of each month. Time was made the essence of the contract which provided that in the event of default by the purchasers the plaintiff should have the right to declare the contract 'forfeited and void.'

"All payments of principal and interest accruing prior to November 30, 1959, were paid by the defendants and accepted by the plaintiff.

"On December 1, 1959, there was due under the terms of the contract the sum of Three Thousand, ($3,000.00) Dollars, on the principal, and Three Hundred and One ($301.50) (sic) Dollars interest. The interest and One Thousand, ($1,000.00) Dollars, of the principal was paid and accepted by the plaintiff.

"On January 1, 1960, there became due on the contract the sum of One Thousand, ($1,000.00) Dollars on the principal and accrued interest thereon. This sum or these sums were not paid.

"During December, and possibly very early in January, discussions were had between Mr. Smeekens and Mrs. Bertrand as to the delinquencies, and during this period Mrs. Bertrand sent to the plaintiffs five separate checks of One Hundred ($100.00) Dollars, each. There is no evidence of the plaintiff exercising or attempting to exercise the right to declare a forfeiture during this period.

"On January 9, 1960, Mr. Smeekens and Mrs. Bertrand met and entered into negotiations looking to re-scheduling

the payments of the balance of the principal and interest as of January 1, 1960. These negotiations resulted in a proposal of a new schedule of payments, the execution by Mrs. Bertrand and delivery of a check covering the first payment contemplated in the prospective new schedule. This check was taken by Mr. Smeekens, held by him until the date of trial, but never cashed by him.

"On January 11, 1960, Mr. Smeekens mailed to Mrs. Bertrand a type written proposed new schedule, together with a draft for signature of a supplemental agreement covering the new schedule.

"The next communication of substance between the-parties (sic) was in the office of an attorney, named Wood. Mr. Smeekens and Mrs. Bertrand were present. Mr. Wood, told Mr. Smeekens that he would advise his client, Mrs. Bertrand not to execute the supplemental agreement. There is no evidence that Mrs. Bertrand said anything on this score. Mr. Smeekens left the meeting with the so called first payment check under the new schedule. This meeting had adjourned with the agreement of the parties to meet again on January 27, 1960.

"The next day, January 23, 1960, Mr. Smeekens called on Mrs. Bertrand at the motel and orally stated that he declared the contract void and demanded that she take her personal belongings and her children and get out. No time to cure the default was given. She refused to vacate.

"On the same day, January 23, 1960, the plaintiff caused to be served upon the defendant a written declaration of forfeiture, in which it was stated that the defendants were notified that John B. Smeekens, Jr., had declared the contract forfeited and void according to the terms and conditions therein. Not only that, but he demanded all pass (sic) due installments, together with interest, possession of the real estate and personal property, and the keys to the property, etc. Possession was not in surrender pursuant to this notice.

"On February 2, 1960, the present action was filed. The plaintiffs filed their affidavit for immediate possession and a bond. Possession pursuant thereto was delivered by the Sheriff on February 19, 1960.

"The question here presented is whether or not, under the foregoing facts, the plaintiff had the right to forfeiture on January 23, 1960, in the manner in which he attempted to exercise it.

"It should be noted at this point that the plaintiff alleges three separate breaches, (1) an assignment of the contract without the consent of theplaintiff, (sic) (2) the removal of personal property listed in the contract without the consent of the plaintiff, and (3) the default in the payments of the principal and the interest installments herein before described.

"The first two allegations of default are quickly disposed of. As to the first, there is no evidence to establish the assignment of the contract sued upon. As to the second ground, Mr. Smeekens testified as to a number of items 'missing' on the day he obtained possession. Many of these articles were not those described in the contract, e.g., 3 shower curtains, 24 floor rugs, 15 blankets, 15 bed spreads, 6 mirrors, 20 television sets." (sic)

"Going then to the crucial matter of the unpaid principal and interest and installment. 'It has been stated . . . that to entitle a vendor to assert a forfeiture for default in payment, his conduct, in reference to such forfeiture, must be positive, unequivocal, and inconsistant with the continuance of the contract. Even though time is declared to [be] of the essence of contract, if the vendor after the time fixed for payment . . . recognizes the agreement as an existing contract, and continues to negotiate with the vendee . . . he cannot suddenly and without warning terminate the rights of the vendee.'

"A vendor looses his rights of forfeiture by negotiation for a new contract or for an extension of time. The authority upon these propositions are collected in 107 ALR 390.

"That the vendors here had negotiating extension for modification of the schedule of payments, including the sums then in default, between January 9, 1960 and January 22, 1960, cannot be denied. That such negotiations were still in progress at the close of the meeting of January 22, 1960, is clearly evident from the fact that Mr. Smeekens, although he could have then and there returned the check for the first payment under the schedule being negotiated, he kept it and took it with him.

"This being so, he could not 'suddenly and without warning terminate the contract rights of the' defendant. Yet this is precisely what he attempted, both orally and in writing before 8:00 P.M. on the following day.

"The plaintiffs could have, served notice on the defendant of the intention to declare a forfeiture if the default in pay-

ments were no (sic) cured within a reasonable time and thus restored the right to forfeiture. This they did not do.

"The inescapable conclusion must be that the plaintiffs were without right to declare a forfeiture on January 23, 1960; that the attempted declaration was null and void; that the plaintiffs were not entitled to possession of the real and personal property at the time of the commencement of this action on February 2, 1960, and, as of this date, they were not entitled to have title quieted as against the interest of the defendants."

The gist of the trial court's decision is that appellants were not, at the time they commenced this action, entitled to the possession of the motel. They were not entitled to possession because, while negotiations for modification of the schedule of payments were still in progress, they had attempted to terminate appellees' contract rights without first serving a notice of intention to declare a forfeiture if default in payment was not cured within a reasonable time. While there may be no Indiana case precisely in point, there is ample authority from other states to sustain this proposition. *Gustason v. DeHaven*, 134 Kan. 324, 5 P. 2d 1095 (1931); *Eaton v. Schneider*, 185 Ill. 508, 57 N. E. 421 (1900); *Simmons v. Harris*, 108 Okla. 189, 235 P. 508 (1924). This proposition is also consistent with the holding in such Indiana cases as *Carr v. Troutman*, 125 Ind. App. 151, 158, 123 N. E. 2d 243 (1954), and *Sheehan Construction Co. v. Leetch*, 129 Ind. App. 210, 217, 154 N. E. 2d 423 (1958), making notice of intention to insist upon a forfeiture if defaults are not cured within a reasonable time a prerequisite to such forfeiture when there has been a waiver by prior acceptance of overdue payments or by other conduct.

The evidence from which the trial judge found the facts recited in his opinion would also have lent itself to other interpretations. The inferences drawn by the trial court in making those findings, although not the only inferences which might reasonably have been drawn, are supported, nevertheless, by the evidence and must be,

and are, accepted by this court. *Miller v. Ortman,* 235 Ind. 641, 665, 136 N. E. 2d 17 (1956).

Appellants filed a timely motion for new trial on the grounds:

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law.

"3. The court erred in its conclusions of law.

"4. The court erred in its conclusion of law #1.

"5. Error of law occurring at the trial as follows:

"(a) The court erred in overruling the objection of the plaintiffs to the admission of Defendants' Exhibit E which objection was as follows:

" 'Plaintiffs would object to Defendants' Exhibit E for the reason that the matter becomes immaterial and of no significance in the case unless it was signed or an agreement acknowledged and accepted and offered and accepted by both parties.'

"which objection the court overruled and said exhibit was admitted in evidence.

"(b) The court erred in overruling the objection of the plaintiffs to defendants' Exhibit B which objection was as follows:

" 'The plaintiffs would object to Defendants' Exhibit B for the reason that it does not show nor has it been shown that the check was accepted by the plaintiffs.'

"which objection the court overruled and the same was admitted in evidence."

We have already disposed of the principal question raised by grounds one through four. But appellants have advanced another argument for holding the decision to be contrary to law. In substance they contend that since appellee Edmour H. Bertrand failed to appear and was defaulted, a judgment in his favor could not be rendered. Further, they contend that since "the rights, duties,

responsibilities and liabilities" of both appellees are so inter-related, a new trial should be ordered as to both. The short answer to that argument is that after the default appellants amended their complaint and both appellees joined in the answer to the complaint as so amended (the third amended complaint). Appellants' motions to strike appellee Edmour H. Bertrand's name from the three paragraphs of that answer (because of the default) were overruled. The overruling of those motions was not cited as error in the motion for new trial. The trial was on the issues formed by the answer of both defendants. So far as the briefs disclose, no further objection was made to appellee Edmour H. Bertrand's appearance and answer to the third amended complaint.

Appellants also contend that no issue of waiver, estoppel or modification was before the trial court because appellees had filed no affirmative answer. Appellees cite Ind. Act 1881 (Spec. Sess.) ch. 38, § 675, being Burns Ind. Stat. Ann. § 3-1308, relating to ejectment actions, which provides that "under . . . [a] denial the defendant shall be permitted to give in evidence every defense . . . he may have. . . ." In reply appellants acknowledge the applicability of that statute to paragraph one of the third amended complaint, which is in ejectment, but deny its applicability to paragraph two which does not pray for possession, but prays merely for damages and for a declaration of the forfeiture and nullity of the contract.[2] Nothing is said of paragraph three which prays for quieting of title.

It would be a strange anomaly, indeed, if this defense to the possession suit, properly admitted and sufficiently proved, could operate to defeat appellants' recovery of judgment for possession, yet at the same time be held to be outside the issues formed by the answer to the paragraph of complaint which prays for a declaration

---

2. Paragraph one and two allege the same facts and both pray for "all other just and proper relief."

of nullity and forfeiture of the contract—the very contract which creates appellees' right to possession and thereby defeats appellants' prayer for possession. We need not spend time refuting such an absurdity.

Appellants also cite as error of law occurring at the trial the overruling of their objections to defendants' (appellees') exhibits E and B. Error as to exhibit B was waived by failure to argue it in the brief. Rules of the Supreme Court 2-17 (h) (i); *Grossman v. Board of Zoning Appeals*, 142 Ind. App. 440, 235 N. E. 2d 203 (1968); *Central Indiana Railway Co. v. Mikesell*, 139 Ind. App. 478, 221 N. E. 2d 192 (1966).

The objection to exhibit E (which appellants say "was in the form of a modification of the original real estate contract . . ., particularly as to the schedule of payments") was "that the matter becomes immaterial and of no significance in the case unless it was signed or an agreement acknowledged and accepted and offered and accepted by the parties". Appellees say "Exhibit E, was evidence of negotiations between the parties looking toward a new payment schedule". The trial court's findings and opinion bear out that appraisal of the relevancy and probative purpose of the exhibit.

Judgment affirmed. Pursuant to Ind. Acts 1881 (Spec. Sess.) Ch. 38, § 652, being Burns Ind. Stat. Ann. § 2-3237, the appellee shall recover costs.

Pfaff, C.J., and Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 48.