HELEN S. BERTRAND AND EDMOUR H. BERTRAND, APPELLANTS
*v.* JOHN P. SMEEKENS, JR., ARLENE L. SMEEKENS, AND THE
WOLVERINE INSURANCE COMPANY, APPELLEES.

[No. 3-1272A93. Filed June 28, 1973. Rehearing denied July 30, 1973. Transfer denied November 13, 1973.]

*Wilson E. Shoup*, of Angola, for appellants.

*Ralph R. Blume*, of Fort Wayne, for appellees Smeekens, *Carl J. Suedhoff, Jr., Hunt, Suedhoff, Borror & Eilbacher*, of Fort Wayne, for appellee The Wolverine Insurance Company.

## I.
## STATEMENT ON THE APPEAL

STATON, J.—John P. Smeekens, Jr. and Arlene L. Smeekens brought an ejectment action against Edmour H. Bertrand and Helen S. Bertrand who were purchasing the Panorama Motel from them on a conditional sales contract. The Bertrands were in default upon the contract, but the Smeekenses had failed to give reasonable notice. The ejectment action failed.[1] Thereafter, the Bertrands brought an action against the Smeekenses and their ejectment surety, The Wolverine Insurance Company, in two legal paragraphs. The first legal paragraph was for wrongful ejectment, and the second legal paragraph sought the rescission of the conditional sales contract. The trial court found against the Bertrands upon the first legal paragraph but for them upon the second legal paragraph. They received a judgment of $147,616.66 upon the second legal paragraph. The judgment further provided that the Bertrands take nothing on their complaint as to The Wolverine Insurance Company from liability upon the rescission of the conditional sales contract is the contention of error urged by the Bertrands in their motion to correct errors and presents this question for our determination upon appeal:

> Does an ejectment surety's liability under IC 1971, 32-6-1-3; Ind. Ann. Stat., § 3-1306 (repealed April 10, 1973) extend to contractual rescission actions?

Our opinion concludes that the ejectment bond's purpose is to indemnify the Bertrands for damages suffered as a result

---

1. The ejectment action was tried and decided against the Smeekenses. The judgment was affirmed by the Appellate Court of Indiana in *Smeekens v. Bertrand* (1969), 144 Ind. App. 656, 248 N.E.2d 48.

of being kept out of possession or for damages which resulted from injury to the property. An ejectment surety under the statute does not become liable where a separate and distinct contractual action is brought for rescission. We affirm the judgment of the trial court.

## II.
### STATEMENT ON THE LAW

The Bertrands contend that the trial court's judgment on legal paragraph two should have been against both the Smeekenses and The Wolverine Insurance Company. They rely upon the general statutory language which follows the specific and limited covenants set forth in IC 1971, 32-6-1-3; Ind. Ann. Stat. § 3-1306 (repealed). The statute provides:

"If the defendant, or some person in his behalf, within five [5] days after the service or posting of such notice, shall execute a written undertaking payable to the plaintiff, with sufficient surety to be approved by the sheriff, to the effect that the defendant will safely keep and preserve said property, that the same will not be in any way injured or damaged, that he will deliver the same to the plaintiff, if judgment shall be rendered to that effect, and that he will pay to the plaintiff all such sums of money as he may recover in the action, then the sheriff shall not seize the possession of said property, but the defendant shall be allowed to retain possession thereof pending the final judgment of the court; but if such undertaking is not given within the time aforesaid, then the sheriff shall forthwith seize the possession of said property and deliver the possession thereof to the plaintiff by removing the defendant and his goods therefrom, or otherwise, so that the plaintiff will have complete possession thereof, upon receiving from the plaintiff, or some person in his behalf, within five [5] days after the expiration of the time allowed the defendant to furnish such written undertaking, a written undertaking, payable to the defendant, with sufficient surety to be approved by the sheriff, to the effect that the plaintiff will prosecute his action with effect, that he will pay to the defendant any and all damages he may suffer should his action be wrongful or oppressive, that he will safely keep and preserve said property, that the same will not be in any way injured or damaged, that he will deliver the same to the

defendant, if judgment shall be rendered to that effect, and that he will pay to the defendant all such sums of money as he may recover in the action against the plaintiff; and in default of such undertaking being given by the plaintiff, the possession of said property shall not be seized by the sheriff, but the defendant shall be allowed to retain possession thereof, without bond, pending the final judgment of the court."[2]

The precise question presented here has not been decided in Indiana, therefore, we must give effect to the underlying purpose and intent of the Indiana Legislature when it passed the statute. *Broddie* v. *Gardner* (1966), 258 F.Supp. 753; *State* v. *Gilbert* (1966), 247 Ind. 544, 219 N.E.2d 892; *Dunkle* v. *State* (1961), 241 Ind. 548, 173 N.E.2d 657; *Wedmore* v. *State* (1954), 233 Ind. 545, 122 N.E.2d 1; and *Engle* v. *City of Indianapolis* (1972), 151 Ind. App. 344, 279 N.E.2d 827. In construing this statute, we must seek the legislative intent by viewing the statute as a whole and by viewing each part with reference to all other parts of the statute. *State* v. *Gilbert, supra; McKee* v. *Hasler* (1951), 229 Ind. 437, 98 N.E.2d 657.

The Wolverine Insurance Company covenants under the above statute that its principal, the Smeekenses, will:

1. prosecute their action with effect;
2. pay to the Bertrands any and all damages the Bertrands may suffer should the Smeekenses' action be wrongful or oppressive;
3. safely keep and preserve said property;
4. that the same will not be in any way injured or damaged;
5. deliver the property to the Bertrands if judgment shall be rendered to that effect; and
6. that the Smeekenses will pay to the Bertrands all such sums of money as the Bertrands may recover in the action against the Smeekenses.

Covenant six (6) upon which the Bertrands rely depends upon the breach of covenants one (1) through five (5). The

---

2. For the present law, see P.L. 303, passed April 10, 1973; the above statute was repealed on April 10, 1973.

action was prosecuted with effect. The trial court found against the Bertrands on their complaint for wrongful ejectment which is a negative judgment upon covenants one (1) through five (5). Applying *noscitur a sociis* and *ejusdem generis*[3] to the language of the statute, we find that The Wolverine Insurance Company's liability would be limited to the five possessory action covenants. The statutory language: ". . . he will pay to the defendant all such sums of money as he may recover . . ." could not include an action for rescission of a conditional sales contract.

The Bertrand's trial brief (TR. 122) represented to the trial court that: "To expedite the disposal of this long-standing dispute, Plaintiffs now formally offer to withdraw their claim for all damages except the return of their purchase money, . . ." This is exactly what the trial court's judgment gave the Bertrands. The Wolverine Insurance Company's liability was connected only with the ejectment action. Its liability could not under the interpretation of the statute run to a separate and distinct action for rescission of the conditional sales contract.

## III.

### DECISION OF THE COURT

The Wolverine Insurance Company's liability is not extended by IC 1971, 32-6-1-3; Ind. Ann. Stat. § 3-1306 (repealed) to include separate and distinct actions such as rescission of a conditional sales contract. The purpose of the statute is to indemnify a party to an ejectment action for any damages suffered by them as a result of being kept out of posses-

---

3. The rule of statutory construction known as *noscitur a sociis*, which means that the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it, is the underlying authority for the application of the *ejusdem generis* rule. *Application of Central Airlines* (1947), 199 Okl. 300, 185 P.2d 919, 924. The rule of *ejusdem generis* is that general words following an enumeration of particular cases apply only to cases of the same kind as expressly mentioned. *Sutherland* v. *Rockford & Interurban Ry. Co.* (1911), 165 Ill.App. 80; *Hodgson* v. *Mountain & Gulf Oil Co.* (D.C. Wyo. 1924), 297 F. 269, 272; *Dowd* v. *Sullivan* (1940), 217 Ind. 196, 27 N.E.2d 82; *Kidwell* v. *State* (1967), 249 Ind. 430, 230 N.E.2d 590.

sion and to indemnify them from any injury to the property which may have resulted during the course of the ejectment proceeding. The trial court was correct in exempting The Wolverine Insurance Company from liability upon its rescission judgment. Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 298 N.E.2d 25.