Mahoney *et al. v.* Gano *et al.*

## No. 31.

## MAHONEY ET AL. *v.* GANO ET AL.

NOTICE.—*What Constitutes.*—Whatever is notice enough to excite the attention of a man of ordinary prudence, and call for further inquiry, is, in equity, notice of all the facts to the knowledge of which an inquiry suggested by such notice, and prosecuted with due and reasonable diligence, would have led. If a man have actual notice of circumstances sufficient to put a man of ordinary prudence on inquiry, as to a particular point, the knowledge which he might by the exercise of reasonable diligence have obtained, will be imputed to him by a court of equity.

CONTRACT.—*Goods Fraudulently Obtained.*—*Disaffirmance of Contract.*—Where possession of property has been wrongfully obtained by means of a voidable contract, and the vendor has received nothing of value, the bringing of an action to reclaim the property is ordinarily a sufficient disaffirmance of the contract.

APPELLATE COURT.—*Waiver of Error.*—The failure of counsel to discuss alleged error of the court in overruling a motion for a new trial constitutes a waiver.

From the Montgomery Circuit Court.

*P. White, J. E. Humphries* and *W. E. Humphrey,* for appellants.

*M. W. Bruner,* for appellees.

NEW, C. J.—This was an action by the appellees against the appellants to recover the possession of certain merchandise which, on the 31st of July, 1888, was sold and delivered by the appellees under the firm name of Howell Gano & Co., of Cincinnati, Ohio, to William G. Betts and Isaac W. Craig, under the name and style of Betts & Craig, and doing business as merchants at Darlington, in this State.

The complaint was answered by a general denial by all who were made defendants, except Walter Hulett and Robert A. Craig, who answered, disclaiming any interest in the property.

The cause was tried by the court and a special finding of facts made at the request of the appellants. Upon the facts

found the court stated as its conclusions of law, that the plaintiffs were the owners and entitled to the possession of the property described in the complaint, except certain articles named; that said property was unlawfully detained from the plaintiffs by the defendants, except Walter Hulett and Robert A. Craig; that said defendants should deliver said property to the plaintiffs, and upon failure to do so, the plaintiffs should recover from the defendants, except Walter Hulett and Robert A. Craig, the sum of $325.06, and that the plaintiffs were entitled to recover costs.

The conclusions of law were excepted to by the appellants, who also moved the court for a restatement of its conclusions of law, which motion was overruled and exception taken. Appellants then moved the court for a new trial, which was overruled and excepted to.

The appellants have jointly and severally assigned for error :

1. That the court erred in its conclusions of law upon the facts found.

2. The court erred in overruling the motion of appellants to restate its conclusions of law.

3. The court erred in overruling the appellants' motion for a new trial.

We do not think the court erred in its conclusions of law upon the facts found. Every fact necessary to a recovery by the appellees was found by the court.

It is shown by the facts found, that the merchandise in controversy was purchased by the firm of Betts & Craig from the appellees, with the fraudulent intention of not paying therefor; that they received the same on the 31st of July, 1888; that within six days thereafter they executed to the appellants and to said Walter Hulett and Robert A. Craig, notes payable in twenty days, at the Citizens' National Bank of Crawfordsville, as follows:  $308 to James D. Hill, $408 to Milton S. Hopper, $1,500 to Francis M. Betts, father of William C. Betts, $265 to Charles C. Young,

$250 to Simeon Barton, $196 to Zachariah Mahoney, $300 to Vincent C. Craig, $204 to Walter Hulett, $202 to W. J. Owsley, $1,537.50 to Robert A. Craig, father of Isaac W. Craig, in all $5,170.50, and that on the same day a mortgage was executed by said Betts & Craig to the payees of said notes to secure the same, the mortgage reciting that said notes were given for money in hand paid; that at the time of the preparation and signing of said notes and mortgage, neither of the said payees was present, nor had they any knowledge that it was being done, nor did they know that said Betts and Craig had any intention of so doing; that within three days thereafter, said Zachariah Mahoney received from said Betts and Craig the possession of said mortgaged property, for the benefit of himself and his co-appellants, as also for the benefit of Paul White and Humphries, attorneys for said Betts and Craig, and to whom the latter, on the 6th of August, 1888, after the purchase of said merchandise as aforesaid, executed their note for $600, payable at twenty days, in said Crawfordsville bank, together with a mortgage on said merchandise to secure said note; that said note of $600, and the mortgage securing the same, were executed to said attorneys to defend said Betts and Craig in anticipated litigation growing out of their partnership and individual dealings and transactions, and concerning property sold to them and put into their hands for sale on commission and otherwise, including prosecutions for embezzlement, or other alleged violations of the criminal law that might be brought against them; that although the appellants did not have actual notice of the fraudulent intent with which said goods were purchased by Betts and Craig, they did each have notice of facts and circumstances sufficient to put them on inquiry concerning the rights of property, and the rights of the appellees in said goods, and such prudent inquiry was naturally suggested by the facts and circumstances of which the appellants had notice, that would have led to a knowledge by them of the fact that said

goods were purchased by said Betts and Craig at a time when they were hopelessly insolvent, and with the fraudulent intent not to pay for them ; that prior to the 25th of July, 1888, said Betts and Craig had made purchases of appellees which they had paid for, the last payment made by them being on said 25th of July, 1888, but that the goods in controversy had not been paid for, nor any part thereof; that before the commencement of this action the appellees demanded of said Mahoney the possession of said property, which demand was refused, and that the same, omitting the excepted articles, is of the value of $325.

The appellants contend that the finding as to notice to them of the fraudulent intent of Betts and Craig is against the appellees.

In this they are in error.   Notice is either actual or constructive, but there is no difference between them in its consequences.   Actual notice consists in express information of a fact, and brings home knowledge directly to a party.   Whatever is notice enough to excite the attention of a man of ordinary prudence, and call for further inquiry, is, in equity, notice of all the facts to the knowledge of which an inquiry suggested by such notice, and prosecuted with due and reasonable diligence, would have led.   If a man have actual notice of circumstances sufficient to put a man of ordinary prudence on inquiry, as to a particular point, the knowledge which he might by the exercise of reasonable diligence have obtained, will be imputed to him by a court of equity.   Kerr Fraud and Mistake, pp. 235, 236.

Counsel for the appellants earnestly contend that there must have been a rescission of the contract by the appellees, as between them and Betts and Craig, before this form of action could be maintained, and that inasmuch as the special finding does not show such rescission, the conclusions of law stated by the court are not sustained by the facts found. The answer to this is that the appellees had no contract except

with Betts and Craig, and the finding shows that they received nothing whatever for the goods sold.

Where possession of property has been wrongfully obtained by means of a voidable contract, and the vendor has received nothing of value, the bringing of an action to reclaim the property is ordinarily a sufficient disaffirmance of the contract. *Thompson* v. *Peck*, 115 Ind. 512. That the purchase of goods, with a design of not paying for them is such a fraud upon the vendor as will make the sale voidable, is well settled. 1 Parsons Con. 569, 570; *Curme, Dunn & Co.* v. *Rauh*, 100 Ind. 247; *Evansville, etc., R. R. Co.* v. *Erwin*, 84 Ind. 457.

If the second ground of error assigned by the appellants is predicated upon a proper motion, it is disposed of by what we have already said.

The complaint that the court erred in overruling the motion for a new trial is not discussed by counsel for appellants in their brief, and is therefore waived. *Engleman* v. *Arnold*, 118 Ind. 81.

Judgment affirmed, with costs.

Filed April 14, 1891 ; petition for a rehearing overruled June 23, 1891.