SHANE, ADMINISTRATRIX, ETC. *v.* FIELDS.

[No. 19,596. Filed May 15, 1963. Rehearing dismissed June 13, 1963. Transfer dismissed November 18, 1963.]

354

*Earl C. Townsend, Jr., John F. Townsend* and *Townsend & Townsend,* of Indianapolis, for appellant.

*John T. Hume, III, Gordon R. Smith* and *Smith & Jones,* all of Indianapolis, for appellee.

HUNTER, J.—This is an action under Acts of 1937, ch. 259, §1, p. 1229, being §47-1021, Burns' 1952 Replacement, known as the "guest statute", for the alleged wrongful death of one Lee E. Shane who was killed when an automobile driven by the defendant, Eugene Fields, careened off U. S. Highway 52 and struck a tree.

The issues were formed and trial was by jury. Verdict was returned for the defendant-appellee and the plaintiff filed his motion for new trial stating six (6) reasons, therefor, to wit:

"(1) The verdict of the jury is not sustained by sufficient evidence.

(2) The verdict of the jury is contrary to law.

(3) The court erred in giving to the jury instructions numbered 5, 9 and 16 tendered by the defendant, to the giving of each of which instructions the plaintiff at the time duly excepted and objected by stating her specific objections thereto before argument.

(4) The court erred in giving to the jury on his own motion defendant's tendered instruction No. 15 excepting the first sentence thereof as tendered by defendant, to the giving of which said instruction the plaintiff at the time duly excepted and objected by stating her specific objections thereto.

(5) The court erred in refusing to give to the jury the instructions requested by the plaintiff, numbered 4 and 9.

(6) The court erred in overruling plaintiff's motion to strike out interrogatories numbered 20, 21 and 22 as tendered by defendant, to which interrogatories plaintiff at the time stated her objections and duly excepted to the court's submission thereof."

The trial court overruled the motion and the plaintiff then brought this appeal assigning the overruling of the motion for new trial as the sole error.

Through failure to present a cogent argument as to how the verdict of the jury is not sustained by sufficient evidence, or as to how the court erred in giving defendant's instructions #9 or #16, or as to how the court erred in refusing plaintiff's instruction #4, the appellant is deemed to have waived these objections. *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551.

The uncontradicted evidence brought out that both men had been drinking; the car was going 60-70 mph. in a 65 mph. zone; the two right wheels of the car fell off the road and thereafter the car crossed the road diagonally and collided with a tree. There was evidence in conflict as to: whether the defendant was driving; whether the defendant was intoxicated; and whether the defendant made the statement a few days after the accident that "we were drinking and I was mad at Lee and I didn't give a damn."

Appellant contends that the court erred in giving defendant's instruction No. 5 reading:

"The Law of this State recognizes the possibility of a mere accident; that is, an occurrence which is in no way due to the conscious act or fault of anyone. The happening of a mere accident resulting in injury or death cannot support a verdict for damages. Therefore, if you find that the death of Lee E. Shane in this case was the result of a mere accident, there can be no recovery for the plaintiff."

Appellant cites a vast number of cases from other jurisdictions disapproving this instruction especially

when there was no direct evidence of the possibility of pure accident. Although this seems to be the rule in the vast majority of the states[1] it is not the rule in Indiana.

In *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712 the Supreme Court stated that the law was correctly recited in the following instruction then in issue:

> "If you are unable to determine, from a fair preponderance of the evidence, just what was the proximate or real cause of the collision and resultant injury described in the complaint, then such collision falls within that class denominated as pure accident, and your verdict should be for the defendant, . . . ."

Thus in the case at bar we are bound to follow the Supreme Court and hold that the pure accident instruction was proper as it was quite possible that the jury would be unable to determine the proximate cause of the automobile going out of control.

Appellant then objects to the court's giving of defendant's instruction No. 15 as identical with Court's Instruction No. 1 reading:

> "If you find from a fair preponderance of all of the evidence that Lee E. Shane and Eugene Fields were both guilty of acts of wanton and wilful misconduct which proximately contributed to the cause of the collision and the damages complained of, then your verdict should be for Eugene Fields, even though you should also find that the defendant Eugene Fields was guilty of wilful and wanton misconduct."

and the refusing of plaintiff's tendered instruction No. 9 reading:

---

1. See cases noted, Annotation 65 ALR 2d 1.

"I instruct you that there is not sufficient evidence to permit you to find that the deceased, Lee E. Shane, was guilty of contributory wanton or wilful misconduct in this case."

Appellant's objection is that there "was simply no evidence from which the jury could legally infer that Lee E. Shane was guilty of either wanton or wilful misconduct." The appellant is probably correct in this contention. However, the jury found (in answer to interrogatory #19) that the deceased was not driving the automobile at the time of the accident. Therefore, the jury itself eliminated the possibility of contributory wanton or wilful misconduct and the errors, if any, involved in the instructions here complained of were harmless.

Appellant's final alleged error is the court's giving of interrogatories #20, #21 and #22 reading:

"Question 20. Was the trip undertaken for the benefit of Lee Shane?

Question 21. Was the trip undertaken at the request of Lee Shane?

Question 22. Was the trip undertaken for social reasons?"

for the reason that they "do not relate to any issue in the case and are calculated to mislead the jury."

While there is some question as to the propriety of these interrogatories, we cannot see how they were harmful. The appellant states in her brief at pages 70-71:

"The purpose and effect of these interrogatories was to influence the jury to find for the defendant by appealing to an inclination which many untrained people have to the effect that the person who seeks and receives a ride in someone else's car ought not to sue for damages caused by the beneficent host's misconduct. . . . "

"The jurors could well have been induced by these interrogatories to think that the defense known as 'joint venture' applied and that they should excuse the defendant if the trip was undertaken for decedent's benefit or at his request or for social reasons."

Appellant's contention that the jury was misled into believing that there was an issue of "joint venture" which constitutes a moral defense to the action has no basis in either the pleadings, the evidence, or the instructions. In the absence of an instruction on "joint venture" which the jury would have been bound to consider, the jury will be presumed to have considered only the matters shown by the evidence and to have applied thereto the law of the case as given them in the instructions. Therefore, we will presume that the jury in deciding the case acted within the scope of the evidence and the trial court's instructions on the law of the case. *State* v. *Brubeck* (1930), 204 Ind. 1, 170 N. E. 81; *Hahn et al.* v. *Moore* (1956), 127 Ind. App. 149, 133 N. E. 2d 900 and 134 N. E. 2d 705; *American Car, etc., Co.* v. *Clark* (1904), 32 Ind. App. 644, 70 N. E. 828; and cases cited in 4 Ind. Dig., Appeal & Error, §931 (2), p. 610.

The case law in Indiana has emphasized two elements that must be established by the evidence to fix liability for "wanton or wilful misconduct". First, the defendant must have had "knowledge of an impending danger" or have been "conscious of a course of misconduct" calculated to result in the probable injury to his guest; and, second, the defendant's actions must have exhibited his indifference to the consequences of his misconduct. *Clouse* v. *Peden* (1962), 243 Ind. 390, 186 N. E. 2d 1; *Buroker* v. *Brown* (1961), 241 Ind. 421, 172 N. E. 2d 849; *Brown* v. *Saucer-*

*man* (1957), 237 Ind. 598, 145 N. E. 2d 898; *Bedwell v. DeBolt* (1943), 221 Ind. 600, 50 N. E. 2d 875; *Wyatt v. Thompson, etc. et al.* (1961), 132 Ind. App. 261, 175 N. E. 2d 44; *Trent v. Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759; *Eikenberry v. Neher* (1956), 126 Ind. App. 571, 134 N. E. 2d 710.

In the case before us plaintiff presented as his only proof of the second element, the evidence that the defendant said "We were drinking and I was mad at Lee and I didn't give a damn." As stated hereinbefore, the evidence was in conflict as to whether or not the defendant made such a statement. The jury in answer to interrogatory #31 found that this statement was not made. It appears obvious that the appellant as plaintiff below failed to prove that the appellee was guilty of wanton or wilful misconduct. The verdict of the jury is therefore not only in accordance with the law but mandated under the law. Therefore, any technical errors dealing with instructions or interrogatories were harmless for the reason that appellant failed to meet the burden of proof.

Affirmed.

Mote, P. J., Kelley and Pfaff, JJ., concur.

NOTE.—Reported in 190 N. E. 2d 195.