292 N.E.2d 627 (1973)
William M. GRISSOM, Amy Grissom, Appellants (Plaintiffs and Counter-Defendants below),
v.
Theodore F. MORAN, Nedra J. Moran, Appellees (Defendants and Counter-Claimants below).
No. 771A123.
Court of Appeals of Indiana, Second District.
February 21, 1973.
*628 Wolf & Robak, Greenfield, for appellants.
Joseph F. Quill, John G. McNutt, Indianapolis, for appellees.

ON PETITION FOR REHEARING
BUCHANAN, Presiding Judge.
CONCLUSION  Grissoms' Petition for Rehearing is denied.

GROUNDS FOR DENIAL
Grissoms' Petition for Rehearing is denied because the Grissoms have failed to show an abuse of discretion on the part of the trial court in returning the parties to the status quo.

STATEMENT OF PETITIONERS' ARGUMENT
In their Petition for Rehearing, petitioners-plaintiffs-appellants William and Amy Grissom (Grissoms) contend that the result reached by this court in our opinion at 290 N.E.2d 119 is inconsistent with the general rules announced in that opinion concerning the election of remedies available to a party who brings a fraud action.
In our opinion we concluded that defendants-appellees Theodore and Nedra Moran (Morans), having elected to rescind the contract for the sale of the Motel and seek a return to the status quo, were entitled to restitution of Ten Thousand Dollars ($10,000.00) which they had paid under the contract and Nine Hundred Forty-four Dollars and Twenty-four Cents ($944.24) expended by them in repairing the Motel. It was also our conclusion that the judgment of Six Thousand Nine Hundred Thirty-one Dollars ($6,931.00), being considerably less than the Ten Thousand Nine Hundred Forty-four Dollars and Twenty-four Cents ($10,944.24) due the Morans, was not so excessive as to constitute general damages. Differently stated, the sum awarded them was consistent with the election of the rescission remedy.
The Grissoms now offer for our consumption the contention that we and the trial judge failed to require the Morans to return the benefits they received under the contract. Specifically, they say the Morans received approximately Thirty-one Thousand Three Hundred Eighty-nine Dollars and Ninety-eight Cents ($31,389.98) from the operation of the Motel during the period of their possession. Deducting approximately Twenty Thousand Dollars ($20,000.00) for overhead expenses, Ten Thousand Dollars ($10,000.00) for the amount paid by the Morans under the contract, and an additional Nine Hundred Forty-four Dollars and Twenty-four Cents ($944.24) spent by the Morans to repair the Motel, the net result is that the Morans owe the Grissoms approximately One Hundred Forty Dollars ($140.00). Therefore, the Grissoms maintain that the award to the Morans of Six Thousand Nine Hundred Thirty-one Dollars ($6,931.00) obviously constituted general damages and is thus inconsistent with the theory of rescission and return to the status quo.

DISCUSSION OF APPLICABLE LAW
In our original opinion we stated that if a party brings an action for fraud he generally has an election between two inconsistent remedies. He may affirm the contract, retain any benefits received, and seek damages; or he may rescind the contract, *629 restore any benefits received under the contract, and be returned to the status quo. If he elects to rescind the contract, he may not recover general damages, although in certain limited situations special damages may be awarded.[1]
Therefore, when a party elects to rescind the contract, he is only entitled to a return to the status quo. This usually requires a plaintiff to restore any benefit he received under the contract, including a return in specie of any property received and a reasonable rental value for the use of the property, plus damages for waste, if any. Likewise, the defendant must restore any money paid by the plaintiff under the contract plus interest, monetary reimbursement for reasonable repairs, expenditures and improvements made on the property by the plaintiff, and, where a business has been sold, a reasonable amount of compensation for the value of the plaintiff's labor and services rendered during the period of time which he operated and possessed the property. Widmer v. Leffelman (1949). 187 Or. 476, 212 P.2d 737.
A plaintiff, when seeking to rescind a contract, need only prove his right to rescind and that he is able to return in specie any property he has received under the contract, or its reasonable value if a return in specie is impossible. Once the right to rescind is established, the burden then shifts to the defendant to prove with specificity the various equities necessary to return both parties to the status quo, particularly those which will offset the amounts that he must restore to the plaintiff. Wells v. Wells (1926), 197 Ind. 236, 150 N.E. 361; Rohrof v. Schulte (1899), 154 Ind. 183, 55 N.E. 427; Tarkington v. Purvis (1890), 128 Ind. 182, 25 N.E. 879; Shuee v. Shuee (1884), 100 Ind. 477.
On the basis of the plaintiff's proof that he is able to return in specie the property he has received, or its reasonable value, and the defendant's evidence of the various equities involved, the trial court will then adjust the equities and attempt to return the parties to the status quo. If the trial court has not made specific findings of fact detailing his computations in returning the parties to the status quo, absent a showing of abuse of discretion, we must assume that the trial court properly weighed the equities. Rule AP. 15(M); Rule TR. 52(A) (3), IC 1971, 34-5-1-1.
Grissoms' method of reaching the figure of One Hundred Forty Dollars ($140.00) is hardly eclectic. A review of their calculations reveals they failed to take into consideration all of the relevant factors necessary to return the parties to the status quo. Their computations are incomplete because they fail to include reasonable compensation for the labor and services provided by the Morans during the eight months they operated the Motel (March, 1968 to October, 1968). Also, the Grissoms failed to account for interest due the Morans on the monies paid by the Morans under the contract.
Their computations concern only some of the relevant equities, ignoring other important factors. Thus they have not met their burden of going forward with the evidence to show with specificity all of the various equities necessary to return the parties to the status quo.
On the basis of the evidence before us, we cannot say that the trial court abused its discretion or that the amount of Six Thousand Nine Hundred Thirty-one Dollars ($6,931.00) is so excessive as to constitute general damages.
The Petition for Rehearing is therefore denied.
SULLIVAN and WHITE, JJ., concur.
NOTES
[1] For a case which awarded special damages, see Linderman Machine Co. v. Hillenbrand Co. (1921), 75 Ind. App. 111, 127 N.E. 813. Accord: Uniform Commercial Code, § 2-721.