JOHN P. SMEEKENS, JR. AND ARLENE L. SMEEKENS *v.* HELEN S. BERTRAND AND EDMOUR H. BERTRAND, AND THE WOLVERINE INSURANCE COMPANY.

[No. 574S103. Filed May 23, 1974.]

*Ralph R. Blume, Blume, Wyneken, Levine & Clifford,* of Fort Wayne, for appellants.

*Wilson E. Shoup,* of Angola, for appellees.

HUNTER, J.—Litigation between the parties involved in this case began some fourteen years ago when the Smeekens, as vendors of certain motel property, brought an action in ejectment to declare forfeiture of a land sale contract with the Bertrands as vendees.

In 1956, the appellants, Smeekens (vendors), executed a conditional sales contract with the appellees, Bertrands (vendees), for certain real estate upon which a motel was situated. From then until 1960, the Bertrands paid to the Smeekens $85,000 plus $16,426.50 in interest pursuant to that sales contract. In 1960 a dispute arose between the parties and the Smeekens instituted an action for ejectment and cancellation of the contract pursuant to the forfeiture clause in the contract.[1] The Smeekens then obtained immediate prejudgment possession of the premises on February 19, 1960, by invoking Indiana's statutory bonding procedure IC 1971, 32-6-1-3 (Ind. Ann. Stat. § 3-1306 [1968 Repl. 7]). The taking of possession by this procedure was described by the Court of Appeals as follows:

"An order was obtained from the Clerk of the Steuben Circuit Court to the Sheriff of Steuben County, Indiana to seize said real estate if the Appellees failed to post a bond within five days and to deliver possession to the Appellants in the event the Appellants posted a bond to protect the Appellees should such seizure prove wrongful. Pursuant to said order and the Sheriff's execution thereof the Appellants obtained full possession of said real estate on February 12, 1960 upon the filing of the appropriate written undertaking or bond." 302 N.E.2d at 503.

---

1. The forfeiture clause in question is a typical forfeiture provision found in most conditional land sale contracts. Although the validity of this forfeiture clause is not in issue, forfeitures of substantial built-up equity under land sale contracts are not favored by this Court. Skendzel v. Marshall (1973), 301 N.E.2d 641.

Thus, from that date until now, the appellants, Smeekens, have retained possession of the property and all monies paid by the Bertrands ($101,426.50). (This bonding procedure statute probably violates the Due Process Clause of the 14th Amendment. See *Fuentes* v. *Shevin* (1972), 407 U.S. 67 and *Mitchell* v. *W. T. Grant Co.* (1974, U.S. Sup. Ct.), 42 L. W. 4671. However, the legislature has since been fit to excise the patently offensive portions of the statute. See Public Law No. 303, Acts of 1973.)

The original ejectment action, which was filed by the Smeekens in 1960, was finally settled in January of 1967, when the Steuben Circuit Court entered judgment against the Smeekens. There it was held that the vendor's attempt to declare a forfeiture would fail because the vendors had not given proper notice of their intention to declare forfeiture. It was held that the Smeekens were not entitled to possession of the property at the time they commenced their ejectment action. The litigation of this first action took seven years and during that time the Bertrands, who ultimately prevailed, were out of possession.

In 1967, the case from which the present appeal has arisen was filed by the Bertrands in Steuben Circuit Court and later venued to the Whitley Circuit Court. (This case was filed within one month of the trial court's decision against the Smeekens in the above-described ejectment action.) The Bertrands' complaint was in two paragraphs. Paragraph I sought to recover damages for wrongful ejectment. Paragraph II of the complaint sought rescission of the sales contract. The trial court found for the Bertrands only on their second paragraph. While it was the *Bertrands* who sought rescission of the contract by filing this action in February, 1967, the trial court concluded that it was the *Smeekens* who had rescinded the contract by their "wrongful" actions in February, 1960. The trial court entered the following findings of fact and conclusions of law:

"Defendants John P. Smeekens, Jr. and Arlene L. Smeekens *without right rescinded, terminated, and abrogated the said*

*conditional sale contract* and wrongfully ousted and ejected the plaintiffs from said premises and took possession of the said real estate. By said wrongful acts and conduct the defendants John P. Smeekens, Jr. and Arlene L. Smeekens became obligated to repay and return to plaintiffs the purchase price of the said real estate paid to them by plaintiffs, *to-wit: $85,000.00,* together with interest thereon at the [rate, *sic*] of 6% per year from and *after February 12, 1960, to the date hereof, in the additional sum of $62,616.66"* (emphasis added)

The Smeekens perfected an appeal from the judgment of the trial court. The Court of Appeals for the Third District in an opinion by Judge Sharp, with Hoffman, C.J., concurring and Staton, J., dissenting, affirmed the judgment. The majority held, *inter alia,* that Smeekens' improper declaration of forfeiture and repossession of the property, pursuant to the aforementioned statutory bonding procedure, was tantamount to an election by the appellants to terminate/rescind the contract. The Court of Appeals further concluded that the trial court had properly exercised its equity power by returning the parties to their respective financial positions prior to the consummation of the contract.

We have granted transfer in order to clarify a most confusing situation and to delineate the nature and extent of the remedies available to the parties.

In February, 1960, the Smeekens (as plaintiffs) filed a three-paragraph complaint requesting the following relief: (1) repossession of the land and personal property; (2) cancellation of the conditional land sale contract; and (3) title quieted in their name. F. Kenneth Dempsey, sitting as Special Judge in the Steuben Circuit Court, rendered judgment against the Smeekens on all three paragraphs. Judge Dempsey filed a written memorandum wherein he stated the grounds for his decision. The concluding paragraph of that memorandum reads as follows:

"The inescapable conclusion must be that the plaintiffs were without right to declare a forfeiture on January 23, 1960; *that the attempted declaration was null and void; that the*

*plaintiffs were not entitled to possession of the real and personal property at the time of the commencement of this action on February 2, 1960, and, as of this date, they were not entitled to have title quieted as against the interest of the defendants."* (emphasis added)

The then Appellate Court subsequently affirmed the judgment of the trial court in *Smeekens* v. *Bertrand* (1969), 144 Ind. App. 656, 248 N.E.2d 48, and this Court denied transfer October 29, 1969.

The judgment entered by Judge Dempsey *conclusively* established that the Smeekens' actions did *not* result in termination of the contract; on the contrary, Judge Dempsey specifically found that the Smeekens were not entitled to possession as of February 2, 1960, nor to have title quieted in their name. This finding can only lead one to the conclusion that Judge Dempsey adjudged the contract to be in full force and effect. It seems only logical that the vendors would have been granted the right of possession as of February 2, 1960, and title quieted in their name had Judge Dempsey (and the Appellate Court) construed their attempt to enforce the forfeiture clause as a rescission of the contract.

As hereinabove stated, the Whitley Circuit Court *in the case at bar* concluded that the Smeekens terminated (rescinded) the contract at the time they sought enforcement of the forfeiture clause and repossessed the property pursuant to the statutory bonding procedure sanctioned by IC 1971, 32-6-1-3 (Ind. Ann. Stat. § 3-1306 [1968 Repl.]). We believe that the Whitley Circuit Court, *irrespective of the merit of Judge Dempsey's findings and conclusions,* was collaterally estopped from adjudicating the question of the Smeekens' alleged rescission as of February, 1960. That issue *was once* litigated and duly adjudicated by a court of competent jurisdiction, thereby foreclosing any relitigation of that particular issue as between the Smeekens and the Bertrands. The authorities are legion in their adherence to the proposition that finality of adjudication is essential to an orderly, predictable legal system. Unfortunately, in this

case, neither the Whitley Circuit Court nor the Court of Appeals was sensitive to this venerable principle.

We hold, consistent with the principles of *res judicata,* that the Smeekens' actions did not terminate the contract as of February, 1960. However, this is not to say that the *Bertrands* were not entitled to rescind the contract as of January, 1967—the date of the first judgment. Judge Dempsey at that time determined, in effect, that the Smeekens' possession of the property between February, 1960 and January, 1967, had been *wrongful.* We believe this wrongful dispossession to be sufficient grounds to justify the Bertrands' rescission of the contract.

An attempted rescission by a vendee deprived of possession pursuant to the statutory bonding procedure presents a question of law nowhere addressed in our case law. We have also been unable to discover decisional law from other jurisdictions dispositive of the issue, and have thus turned to basic contract law for guidance.

In a land contract, the vendor covenants to deliver possession of property (and eventually title thereto) in exchange for the vendee's periodic payments. If the vendor, for one reason or another, wrongfully withholds possession of such premises from a *non-defaulting* vendee, he has failed to supply to the vendee the very thing for which the vendee contracted. In short, there is a complete failure of consideration. A complete failure of consideration is grounds for rescission by a non-defaulting party. *Mahoney* v. *Gano* (1891), 2 Ind. App. 107, 27 N.E. 315. See also 17 Am. Jur. 2d, *Contracts,* § 502 and § 504. Therefore, the Bertrands were entitled to rescission as of January, 1967, when their dispossession was adjudged by Judge Dempsey to have been wrongful, for in January, 1967, it was judicially determined that the Smeekens had materially breached an implied covenant of undisturbed possession and that the Bertrands were free from any contractual default.

As we have mentioned above, the Whitley Circuit Court

*in the second action,* initiated by the Bertrands, found for the Bertrands on their rescission claim. The court ordered that the Smeekens return the principal paid by the Bertrands between 1956 and 1960.

The Smeekens were allowed to retain the interest payments made during that period, but no allowance was made for the value of the use and occupation of the property by the Bertrands for that period. In addition, the Bertrands were awarded 6% interest per year for the years 1960 to 1972, on the principal sum ($85,000) amounting to $62,616.66.

The Court of Appeals in affirming the trial court, implicitly held that the interest was properly computed by the trial court beginning as of February, 1960. The Court of Appeals, erroneously concluded that the contract was terminated by the Smeekens at that time. However, as we have stated, the contract was *not* terminated in 1960—in fact, the first time the Bertrands evinced an intent to rescind the contract was when they amended their 1967 complaint in 1971. There simply is no justification for charging the Smeekens with the accrual of interest since 1960. As Judge Staton indicates in his dissenting opinion, the earliest date from which interest should be computed is 1967, pursuant to the relation-back provision in TR. 15(C) of the Indiana Rules of Trial Procedure.

Furthermore, the trial court did not allow a set-off by the Smeekens against the principal sum for either rents and profits received by the Bertrands or for the value of the use and occupation of the property. The Court of Appeals speaks only of a set-off "for the amount of *rents* and *profits* accruing to the buyers while they were in possession during said term from June, 1956 to February, 1960" (our emphasis), and does not discuss a set-off for reasonable rental value of the property during that period. We agree with the Court of Appeals that the Smeekens were not entitled to the Bertrands' rents and profits during that period. See *Brown* v. *Randolph* (1901), 26 Tex. Civ. App.

66, 62 S. W. 981 and *Thompson* v. *Bower* (N. Y. 1871), 60 Barb. 463. However, the setting-off of reasonable rental value for the use of the premises is quite another matter.

It is hornbook law that a rescinding party must restore any and all benefits received under the contract. The parties must be returned to the status quo. See *Colson* v. *Smith* (1857), 9 Ind. 8; *Sofnas* v. *John Hancock Mutual Life Ins. Co.* (1939), 107 Ind. App. 539; 21 N.E.2d 425; *Grissom* v. *Moran* (1973), 154 Ind. App. 432, 292 N.E.2d 627 (rehearing). Judge Buchanan, writing for the Court of Appeals in *Grissom, supra,* outlines the parameters of the rescission remedy in a land sale contract context:

> "Therefore, when a party elects to rescind the contract, he is only entitled to a return to the status quo. This usually requires a plaintiff to restore *any benefit* he received under the contract, *including a return in specie of any property received and a reasonable rental value for the use of the property,* plus damages for waste, if any. Likewise, *the defendant must restore any money paid by the plaintiff under the contract plus interest,* monetary reimbursement for reasonable repairs, expenditures and improvements made on the property by the plaintiff, and, where a business has been sold, a reasonable amount of compensation for the value of the plaintiff's labor and services rendered during the period of time which he operated and possessed the property. Wiedmer v. Leffelman (1949), 187 Or. 476, 212 P. 2d 737." (emphasis added). 292 N.E.2d at 629.

It is incumbent upon the party seeking rescission (in this case, the Bertrands) to "restore or offer to restore *everything of value* which he has received under the contract." *Sofnas* v. *John Hancock, supra,* (our emphasis). The Bertrands were in possession of the premises during the period between 1956 and 1960. In order to be granted rescission, the property itself must be returned to the Smeekens. But the mere return of the property is not tantamount to returning the Smeekens to the *status quo.* The Bertrands have received a *benefit* under the contract—namely the occupation and use of income-producing property for a three and one-half year period. In order to effectuate a rescission, the reasonable

value of that benefit must be returned to the Smeekens. The Smeekens have a right, *as a matter of law,* to set-off the reasonable rental value of the premises for the period of the Bertrands' possession against the total payments ($101,426.50) which must be returned by the Smeekens. Allowing the Bertrands to recover these payments (and we are fully aware of the fact that the trial court ordered the Smeekens to remit only the principal sum) without a set-off for reasonable rental value would result in obvious unjust enrichment.

For all the foregoing reasons, transfer is hereby granted and the cause remanded to the trial court for determination of the following issues:

(1) The amount of interest to which the Bertrands are entitled for the period between 1967 and 1972;

(2) The reasonable rental value of the premises in question for the period between 1956 and 1960, during which time the Bertrands occupied the premises;

(3) The amount of restitution to which the Bertrands are entitled, taking into account the reasonable rental value of the premises during their occupation and the accrual of interest between the filing of the 1967 complaint and the final adjudication of the cause in 1972.

Transfer granted.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., not participating.

NOTE.—Reported at 311 N.E.2d 431.