Robert J. DUCHANE, Appellant (Defendant Below),

v.

James M. JOHNSON, Appellee (Plaintiff Below).

No. 1-579A147.

Court of Appeals of Indiana, First District.

Feb. 11, 1980.

Joseph Beardsley, Clinton, McGlone & Abel, Terre Haute, for appellant.

Malcolm H. Aukerman, Newport, Max E. Goodwin, Mann, Chaney, Johnson, Hicks & Goodwin, Terre Haute, for appellee.

ROBERTSON, Presiding Judge.

This appeal arises out of a jury verdict in favor of plaintiff-appellee James M. Johnson (Johnson) in a negligence suit brought by him against Robert J. Duchane (Duchane), the defendant-appellant. Duchane presents three basic issues for our review. The first is the failure of the trial court to give certain instructions tendered by Duchane concerning his theory of defense, and the second issue is the propriety of the giving of certain instructions regarding damages under the facts of the case. Duchane also raises the issue of whether the damage award was excessive.

We affirm.

The facts most favorable to the judgment disclose that Johnson was traveling east on his bicycle on a through street on October 3, 1976 at about 8:45 p. m. Duchane was driving a van in a westerly direction on the same street, made a left-hand turn and hit Johnson on his bicycle. Duchane had his vehicle lights on and Johnson had his bicycle light on. Both were traveling within the speed limit. Johnson's testimony was that the van turned so sharply he had no time to avert it. Duchane testified he was not aware of Johnson until he hit him. Johnson suffered an injury to his hip that later required surgery. The injury was a stretching of soft tissue that caused a "snapping hip" sensation. The surgery was apparently successful, as the "popping" sensation no longer occurred. The jury awarded damages in the amount of $30,000 to Johnson.

Duchane first claims that the trial court committed error in refusing two of his tendered instructions. The first instruction was a modification of Pattern Jury Instruction No. 7:03—the burden of proof instruction. The tendered instruction listed the defendant's contentions as to the plaintiff's contributory negligence as:

(1) failing to exhibit a light on his bike;

(2) failing to keep a lookout for others using the public way;

(3) failing to yield the right of way to oncoming traffic;

(4) failing to maintain his bicycle under control in that Johnson failed to turn or brake in time to avoid the collision.

The second instruction explained the duty of maintaining a lookout and the legal consequences of failing to do so.

*Dahlberg v. Ogle,* (1978) Ind., 373 N.E.2d 159, 164–165, quoting *Davis v. State,* (1976) 265 Ind. 476, 478, 355 N.E.2d 836, 838, succinctly sets out our method of review in considering refused instructions:

In considering whether any error results from refusal of a tendered instruction we must determine: (1) whether the tendered instruction correctly states the law, (citation omitted); (2) whether there is evidence in the record to support the giving of the instruction, (citation omitted); (3) whether the substance of the tendered instruction is covered by other instructions which are given, (citation omitted).

It has also been stated that it is reversible error for a trial court to refuse an instruction covering an essential element of a party's case when it is supported by some evidence, is consistent with the theory of the case, and where there is no other instruction covering that area of the law. *Burkett v. Crulo Trucking, Inc.,* (1976) Ind. App., 355 N.E.2d 253, 261. However, we also note:

. . . [W]hen a judge refuses a tendered instruction which he could have given without committing error, harmful error should not be presumed and we should not reverse, unless we find that the refused instruction covers a relevant point on which the jury has not otherwise been instructed, or unless some other circumstance is shown which indicates a reasonable probability that the substantial rights of the complaining party have thereby been adversely affected.

*Indianapolis Transit System, Inc. v. Williams,* (1971) 148 Ind.App. 649, 656, 657, 269 N.E.2d 543, 549.

The trial court, besides giving the pattern instructions on contributory negligence, gave an instruction on the duty to display a light on a bicycle at night and the legal effects of the failure of this duty. The trial court also gave an instruction involving the statute on the right of way in a left-hand turn with approaching traffic. We think that such instructions adequately presented the defendant's theories of contributory negligence to the jury. Duchane's essential argument concerning lookout is that in failing to maintain a lookout, Johnson did not properly yield the right of way. Thus, the right of way instruction adequately covers Duchane's theory.[1] Also,

1. Duchane cites *Jackman v. Montgomery,* (1974) 162 Ind.App. 558, 320 N.E.2d 770, for

the proposition that the giving of pattern instructions or other general instructions in an

there was no evidence presented at trial that Johnson could have avoided the accident. Duchane attempts to parlay an isolated remark of Johnson at trial (that he thought just before the collision that he was about to be hit) into evidence of sufficient time to avoid the accident. An examination of the record makes it clear that the evidence is uncontroverted that Johnson did not have an opportunity to avoid the accident. We conclude, then, that because other instructions the court gave adequately covered the issues on which there was evidence, there was no error in refusing Duchane's instructions. *Dahlberg, supra.*

The second issue on appeal questions the giving of instructions by the trial court on certain elements of damages. These elements are impairment of earning capacity and damages for future pain, suffering and medical care. Included in this issue is error claimed for failure to give an instruction tendered by Duchane which took consideration of future pain, suffering, and disability away from the jury.

▮ Johnson presents the specter of waiver by Duchane on this issue. He notes that Duchane specifically objected at trial to only the impairment of earnings element of the damage instruction given. Thus, Johnson claims, Duchane waived objection to the future elements of the instruction. Johnson fails to note, however, that Duchane did tender an instruction which, if given, would have taken consideration of future damages away from the jury. The tendering of an instruction automatically gives the tendering party an objection if the instruction is refused. *Ernst v. Sparacino*, (1978) Ind.App., 380 N.E.2d 1271, 1274; *State Farm Mutual Auto. Ins. Co. v. Shuman*, (1977) Ind.App., 370 N.E.2d 941. Therefore, there was no waiver here of the objection to the instruction on future damages.

▮ We note, however, that Duchane, besides tendering an instruction that took consideration away from the jury on the element of future damages, also tendered an instruction which limited future damages to those that were "reasonably certain to occur in the future" and further instructed the jury that it "is not permitted to guess or speculate on the likelihood or probability of the occurrence of such future damages." This instruction was given by the trial court. A party cannot complain of an error in an instruction if he has tendered to the court an instruction containing the same alleged error. *Thornton v. Pender*, (1978) Ind., 377 N.E.2d 613, 623. We do not think it acceptable to tender two opposing instructions to the court and then claim error concerning the refused instruction after the other instruction is given.[2]

▮ Duchane also complains in his appeal concerning the damage element of impairment of earning capacity. The law in Indiana has been well stated in *Scott v. Nabours*, (1973) 156 Ind.App. 317, 320, 321, 296 N.E.2d 438, 441:

Indiana recognizes that a proper element of damage is the impairment of earning capacity which means the impairment of ability to engage in one's vocation as distinguished from loss of earnings. The concept of impaired earning capacity involves more than mere proof of permanent injury and pain. There must be evidence of probative value which relates the injury to an inability to engage in one's vocation. Like other damage issues this issue may be proven by both expert and non-expert testimony. The gist of the concept is the adverse effect on vocation. The basic measure of damages for impairment of lost earning capacity is the difference between the amount which the plaintiff was capable

---

area of law (e. g., definition of contributory negligence or proximate cause) does not "cover" a specific element such as lookout. We agree. However, in this case there are specific instructions—the duty of lighting vehicles at night and the duty of right of way in a left-hand turn situation—which adequately cover Duchane's theories.

2. We determine also that there was sufficient evidence at trial to support an instruction on future damages if, as the case here, properly limited to reasonably certain future damages.

of earning before the injury and the amount which he is capable of earning thereafter.

 Johnson presented evidence at trial of his desire to enter the field of law enforcement. He was a criminology major at Indiana State University for this reason. He told of his two applications to the State Police, in which he passed the written examination, but was quizzed at length in his oral examination concerning his injury. He was rejected both times. We cannot say there was no evidence to support the instruction on impairment of earning capacity in Johnson's desired vocation.[3]

 The third issue presented by Duchane for our review is whether the damages awarded were excessive. *McCue v. Low*, (1979) Ind.App., 385 N.E.2d 1162, 1165, sets our standard of review:

> In determining whether the amount of an award is excessive, the reviewing court may only consider the evidence most favorable to the award and cannot substitute its view as to the proper amount of an award for the jury's view unless it clearly appears that the amount awarded is so large it cannot be explained by any reasonable hypothesis other than prejudice, passion, partiality, corruption or other improper consideration.

*See also Barker v. Cole*, (1979) Ind.App., 396 N.E.2d 964.

 Although Johnson incurred medical expenses of $2,700.00 and appeared at the date of trial to be well on the way to recovery we do not think the jury award of $30,000 is excessive. There was testimony of pain, depression and a suspension of some of his activities for a period of time. There was testimony of at least a delay of his career goals. The operation left a scar. While, had we been the factfinder, we might have come to an award different

from that of the jury, in our role as an appellate court, we find no error here.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.

---

**3.** We also note that the instruction on damages contained a cautionary statement that the jury was to consider damages that were proved by a consideration of the evidence relating thereto and that the verdict was to be based on that evidence not on guess or speculation. We pre-sume the jury followed the court's instruction. *Indianapolis Traction & Terminal Co. v. Hensley*, (1917) 186 Ind. 479, 115 N.E. 934, 117 N.E. 854; *Shane v. Fields*, (1963) 135 Ind.App. 353, 190 N.E.2d 195.