Kenneth LYONS and Jo Ann Lyons, Appellants (Defendants Below),

v.

Thomas McDONALD and Joan McDonald, Appellees (Plaintiffs Below).

No. 49A02–8605–CV–156.

Court of Appeals of Indiana, Third District.

Dec. 15, 1986.

Leonidas G. Condos, Bookwalter, Condos & Thomas, Indianapolis, for appellants.

James N. Scahill, Schnorr, Good & Olvey, Indianapolis, for appellees.

HOFFMAN, Judge.

Defendants-appellants Kenneth and Jo Ann Lyons appeal a judgment entered by the trial court against them in favor of Thomas and Joan McDonald. The court awarded $21,992.11 as compensatory damages and $7,330.70 as punitive damages.

The evidence pertinent to this appeal discloses that in late 1983 the McDonalds purchased a house from the Lyons which the Lyons had been using as a residence. The McDonalds toured the house at least once prior to the sale while Kenneth was present. Thomas asked Kenneth if there were any particular problems with the real estate. Kenneth stated that there were none that he knew of.

In their proposition for the purchase of the house on October 17, 1983, the McDonalds noted that the proposition was

"[s]ubject to termite inspection and clearance[,]" and "[i]n the event of termites Seller to treat at his expense." The Lyons obtained a document which stated:

"October 19, 1983

TO WHOM IT MAY CONCERN:

The home at 1103 East Thompson has been treated by this Company for termites.

At this time there is no active infestation."

Despite repeated requests for the clearance by Joan McDonald prior to the closing, the Lyons were unable to present this document at closing because Kenneth had left it in the glove compartment of his truck. Nevertheless, the closing was completed on December 12, 1983.

Thomas had told Kenneth that he planned to remodel the home to turn it into an office. After closing, Kenneth stopped by the house and Thomas explained the intended remodeling. Thomas told Kenneth that one of the first things he planned was to remove a bulkhead between two of the rooms. Kenneth responded that he would not do that and that "[y]ou don't know what you'll run into if you tear that bulkhead out."

On the day the remodeling began, the contractor removed the bulkhead and discovered serious termite damage. Upon thorough examination it was discovered that the entire house, except two rooms added by the Lyons, had extensive structural damage caused by termites. After receiving opinions by several contractors the McDonalds determined that the house would have to be gutted in order to repair the damage. After the termite damage was uncovered the termite clearance dated October 19, 1983 was delivered to the McDonalds.

Later, the McDonalds discovered that Milton Garrison, who owned the house prior to the Lyons' ownership, told Kenneth Lyons that the house had termites and had been treated for termites. Further, the contractor who had supervised remodeling work for the Lyons found extensive termite damage to the house which he showed Kenneth Lyons. Because of the termite damage, additional studs were required before a door could be placed between the existing structure and the room addition which the Lyons were having built. The Lyons did nothing to repair the damage, and instead continued the remodeling work which covered the damage.

At trial, the McDonalds' expert witness, Kermit Gasche, testified that he inspected the house and found extensive damage including studs which crumbled at the touch of a probe. Although the Lyons maintained that they knew of no termites or termite damage, they admitted that they had the house treated for termites yearly. Gasche testified that a house is treated for termites only as a preventive measure prior to construction or for an active infestation.

The trial court awarded a judgment to the McDonalds as noted above. This appeal ensued. On appeal, the Lyons raise several issues for review. As restated and consolidated the issues dispositive of the appeal are:

(1) whether sufficient evidence supports the trial court's determination that the Lyons fraudulently misrepresented the condition of the house; and

(2) whether the trial court erred in determining that Kenneth Lyons acted as Jo Ann Lyons' agent with respect to all matters concerning the real estate.

In cases tried to the court, findings and conclusions must be liberally construed in support of the judgment and may be set aside only if they are clearly erroneous. *Milwaukee Guardian Ins. v. Reichhart* (1985), Ind.App., 479 N.E.2d 1340, 1343. When reviewing sufficiency claims, this Court may neither weigh the evidence nor judge the credibility of witnesses. *Warner v. Riddell Nat. Bank* (1985), Ind.App., 482 N.E.2d 772, 775.

 The Lyons' first issue questions the trial court's conclusion that they fraudulently misrepresented the condition of the house. The essential elements of fraud are 1) a material representation of a past or existing fact, 2) the representation is false,

3) the representation is made with knowledge or reckless ignorance of its falsity and 4) the representation causes a detrimental reliance by another. *First Nat. Bank of New Castle v. Acra* (1984), Ind. App., 462 N.E.2d 1345, 1348. Circumstantial evidence may be used to establish fraud if grounds from which fraud may be reasonably inferred exist. *Grissom v. Moran* (1972), 154 Ind.App. 419, 427, 290 N.E.2d 119, 123, *reh. denied*, 154 Ind.App. 432, 292 N.E.2d 627.

■ In the present case Kenneth made a statement to Thomas that there were no particular problems of which he knew regarding the real estate. Although the Lyons contended at trial that they did not know about termites or termite damage, the evidence demonstrated that Kenneth had been told by the former owner that the house had termites; the contractor performing remodeling work for the Lyons showed Kenneth termite damage which was exposed when limestone was removed from the outside of the house; and the Lyons had the house treated for termites yearly.

The termite damage was a particular problem which was known by Kenneth when he stated that there were no particular problems that he knew of. The statement was a material representation of a past or existing fact which Kenneth knew to be false. Additionally, had Kenneth answered truthfully in all likelihood the McDonalds would not have purchased the house or the purchase price would have reflected the lowered value of the house due to the termite damage. Thus, the McDonalds relied upon the misrepresentation to their detriment. The evidence presented to the trial court established the elements of fraud.

The Lyons assert that the statement, made by Kenneth, was merely "puffing" and did not amount to a material representation. In the case of *Grissom v. Moran, supra*, the purchasers of a motel were allowed to rescind the contract for the sale based upon fraudulent misrepresentations made by the sellers. In response to the purchasers' inquiry as to the condition of the motel, the sellers stated that the facilities "were all in fine working condition." *Grissom, supra*, 290 N.E.2d at 120. When specifically questioned regarding the electrical and sewage systems, the sellers responded that "they were all right." The purchasers began experiencing various problems soon after they took possession of the motel. This Court noted that the general representation that the facilities "were all in fine working condition" and other responses to the more specific questions were material representations of existing facts. *Grissom, supra*, 290 N.E.2d at 123.

The Lyons also claim that as non-builder vendors they should not bear the risk of latent defects, those defects not apparent upon reasonable inspection. In support of their argument, the Lyons make citation to *Vetor v. Shockey* (1980), Ind.App., 414 N.E.2d 575. In *Vetor, supra*, this Court reversed a judgment for the purchasers which was based upon an implied warranty of habitability. *Vetor, supra*, 414 N.E.2d at 578. There was no showing that the defect was known to the sellers or that any misrepresentation regarding the defect was made by the sellers. It was noted in the decision that:

> "As for defects *known* to the vendor of an older home at the time of sale, the tort theories of misrepresentation or fraudulent concealment are alternatives open to the unknowing buyer." (Citations omitted.) (Original emphasis.)

414 N.E.2d at 577.

Consequently, contrary to the contention by the Lyons, *Vetor, supra*, is not an impediment to the judgment in the present case.

While this Court is not bound by the law of other jurisdictions,[1] a recent decision by

---

1. For a collection of cases on a vendor's duty to disclose termite infestation, *see*, 22 A.L.R.3d 972.

the South Carolina Court of Appeals is worthy of note. In *May v. Hopkinson* (1986), S.C.App., 347 S.E.2d 508, the Court affirmed a judgment against the seller of a home which had moisture and termite damage. The seller cosmetically repaired the damage and then listed the home for sale. The seller represented to the purchasers that the house had no problems except a crack in the kitchen vinyl and a fogged window. A termite inspection report stated that subterranean termites had been found and were treated. Soon after closing the purchasers discovered extensive structural damage. The court found that the misrepresentation established fraud and allowed compensatory and punitive damages to stand. *May, supra,* 347 S.E.2d at 513–514.

As in *May, supra,* and *Grissom, supra,* the general statement as to the condition of the real estate in the present case amounted to a material misrepresentation upon which the McDonalds relied.[2] Sufficient evidence supports the trial court's finding of fraud.

The second ground for error is whether Kenneth Lyons was acting as Jo Ann Lyons' agent with respect to all matters concerning the real estate. The trial court specifically found that Jo Ann gave Kenneth complete authority to act on her behalf with respect to the sale of the real estate. The record substantiates this finding.

██ On direct examination Jo Ann was asked whether Kenneth had "complete authority to act for [her] with respect to this real estate[.]" Jo Ann responded, "Yes." Jo Ann also answered in the affirmative when asked whether "Kenneth Lyons had complete authority to act for [her] in this sale...." Consequently, Kenneth was Jo Ann's agent with respect to the property and the sale.

---

2. The trial court's conclusions contain alternative bases for recovery, including fraud, fraudulent concealment, warranty and negligence. Because only one recovery was allowed by the

There being no finding of error, the trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.

trial court which may be sustained under the theory of recovery based on fraud, this Court need not discuss the other theories.